**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: COROTOMAN, INC.,

Debtor.

COROTOMAN, INC.,

Appellant,

v. CIVIL ACTION NO. 2:21-mc-00120

CENTRAL WEST VIRGINIA REGIONAL AIRPORT AUTHORITY, INC., et al.,

Appellees.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Motion to Withdraw Reference and Memorandum in Support* (Document 1), *Corotoman, Inc.'s Opposition to Motion for Withdrawal of the Reference to 28 USC § 157(d)* (Document 4), *Defendants' Reply to Corotoman, Inc.'s Opposition to Motion for Withdrawal of the Reference to 28 U.S.C. § 157(d)* (Document 8), and all attendant documentation. For the reasons stated herein, the Court finds that the motion to withdraw reference to the bankruptcy court should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2019, the Plaintiff, Corotoman, Inc. (Corotoman), filed its Petition for bankruptcy in the Bankruptcy Court for the Southern District of West Virginia.[1] Corotoman filed a Complaint against the Central West Virginia Regional Airport Authority (Airport Authority) on

1 Case number 2:19-bk-20134.

September 24, 2019, as an adversary proceeding in the Bankruptcy Court.[2] The Complaint alleged that the Airport Authority breached its contract, good-faith and fair dealing, and its quasi-contract relating to alleged thirty-five foot overblast requirements contained in a Settlement Agreement entered into between Corotoman and the Airport Authority on July 5, 2012.

On September 23, 2020, Corotoman filed a First Amended Complaint, adding Bailey & Wyant PLLC; L.R. Kimball & Associates, Inc.; Central Contracting, Inc.; and Dyno Nobel, Inc. as Defendants. The First Amended Complaint asserts the following claims: (1) breach of contract against the Airport Authority; (2) breach of good faith and fair dealing against the Airport Authority; (3) breach of quasi-contract/unjust enrichment against the Airport Authority; (4) declaratory judgment against the Airport Authority seeking a determination that the Settlement Agreement is a valid contract; (5) negligence against the Airport Authority; (6) negligent misrepresentation against the Airport Authority; (7) fraud against the Airport Authority; (8) civil conspiracy against the Airport Authority, Bailey & Wyant, and L.R. Kimball; (9) tortious interference against Bailey & Wyant and L.R. Kimball; and (10) trespass against the Airport Authority, L.R. Kimball, Central Contracting, and Dyno Nobel.

On September 28, 2020, Bailey & Wyant waived service of the Amended Complaint. On October 26, 2020, Dyno Nobel filed a motion to dismiss the Amended Complaint. On November 25, 2020, Bailey & Wyant filed a motion to dismiss the Amended Complaint. Corotoman responded to the motions to dismiss. The Bankruptcy Court held a hearing on the motions to dismiss on February 10, 2021.

2 Case number 2:19-ap-02013.

On January 11, 2021, the Defendants consented to an amended scheduling order. On February 19, 2021, the Airport Authority filed a motion for leave to file crossclaims against Bailey & Wyant. On March 5, 2021, Bailey & Wyant filed a response in opposition to the Airport Authority's motion. On April 14, 2021, the Bankruptcy Court held a hearing and granted the Airport Authority's motion, and crossclaims were filed against Bailey & Wyant on April 22, 2021. Bailey & Wyant filed a motion to dismiss the Airport Authority's crossclaims on May 27, 2021.

On April 30, 2021, Bailey & Wyant filed a motion for entry of a Second Amended Scheduling Order, which extended all pending pre-trial deadlines and the trial date by five months. The Court granted Bailey & Wyant's motion on March 14, 2021. The parties have been engaging in discovery and taking depositions. Subsequent to taking depositions, Corotoman filed a motion for partial summary judgment regarding the issue of contract formation.

On September 14, 2021, the Bankruptcy Court entered an Order denying all pending motions to dismiss and the pending motion for summary judgment without prejudice, in view of the motion to withdraw the reference to the Bankruptcy Court. In so ordering, the Bankruptcy Court further stated, "The Court had taken under advisement the motions listed as numbers one through five and was prepared to issue rulings in the coming days." (Adversary Proceeding Document 202 at 1.)

The Defendants now jointly move the District Court pursuant to 28 U.S.C. § 157(d) to withdraw the automatic referral of the adversary proceeding to the Bankruptcy Court. The Defendants' motion was filed on September 2, 2021. The Plaintiff filed a response in opposition on September 14, 2021. A reply was filed on September 21, 2021. The matter is ripe for consideration.

## DISCUSSION

The Defendants argue that the reference to the Bankruptcy Court should be withdrawn because the state law claims are "non-core" and the withdrawal does not interfere with the uniform administration of bankruptcy law. The Defendants further argue that withdrawal promotes judicial economy and efficient use of the parties' resources because bankruptcy courts do not have the authority to issue a final judgment in a proceeding arising under state common law. Lastly, the Defendants assert that the parties have a right to a jury trial, which cannot be provided by the Bankruptcy Court.

The Plaintiff argues that the Defendants' motion to withdraw the reference to the Bankruptcy Court for the adversary proceeding is untimely and that they have failed to show cause for filing an untimely motion. The Plaintiff asserts that the Defendants have been actively litigating this matter for almost a year, and the matter itself has been pending for almost two years. The Plaintiff further argues that the Defendants engaged in discovery within the Bankruptcy Court and have, therefore, waived their rights to seek permissive withdrawal. The Plaintiff further argues that judicial economy favors keeping the adversary proceeding in the Bankruptcy Court, because the Bankruptcy Court has devoted considerable time and resources to this matter and has extensive knowledge about the proceedings and issues. Lastly, the Plaintiff argues that the Bankruptcy Court should retain jurisdiction of all pretrial matters.

In reply, the Defendants assert that the matter is not untimely because many of the Defendants have yet to file an answer to the Amended Complaint. Instead, the Defendants have been waiting for a ruling on the filed motions to dismiss. Thus, very little substantive activity has occurred since the case was initiated, and the motion for withdrawal is timely.

The Southern District of West Virginia's local rules declare that "all proceedings arising under Title 11 or arising in or related to a case under Title 11, are referred to the Bankruptcy Court for disposition." L.R. Civ. P. 83.13 (citing 28 U.S.C. § 157(a)).   The Court may, however, withdraw a reference "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).   The moving party bears the burden to demonstrate cause.   *In re Albertson*, 535 B.R. 662, 666-67 (S.D. W. Va. 2015).

Six relevant factors courts examine when assessing whether to withdraw a reference for cause include:

> (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial.

*In re U.S. Airways Group, Inc.*, 296 B.R. 673, 682 (E. D. Va. 2003).   While not dispositive, "the first factor – whether the matter is core or non-core – generally is afforded more weight than the others." *In re O'Brien*, 414 B.R. 92, 98 (S. D. W. Va. 2009).   The Court notes, however, that "[s]imply because the proceeding presents questions of state law does not necessarily mean that the proceeding is non-core or otherwise beyond the jurisdiction of the bankruptcy courts." *Blackshire v. Litton Loan Servicing, L.P.*, 2009 WL 426130 *2 (S. D. W. Va. 2009) (Goodwin, C. J.) (not reported).   Instead, to distinguish a core proceeding from a non-core one, courts should evaluate whether:

> (1) the claims are specifically identified as core proceedings under 28 U.S.C. § 157(b)(2).; (2) the claims existed prior to the filing of the bankruptcy case; (3) the claims are based entirely on state law or otherwise existed independently from title 11; and (4) the parties' rights or obligations are significantly affected by the outcome of the bankruptcy proceedings.

*Id*.

For non-core proceedings, bankruptcy courts cannot enter final judgment, but instead submit proposed findings of fact and conclusions of law to the district court. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670-71 (2015) (*citing* 28 U.S.C. § 157). "Article III prevents bankruptcy courts from entering final judgment on claims that seek only to augment the bankruptcy estate and would otherwise exist without regard to any bankruptcy proceeding." *Id.* (*quoting Stern v. Marshall*, 564 U.S. 462, 495 (2011)) (internal quotation marks omitted).

The Court must first determine whether the motion to withdraw the reference was timely filed. "If the motion is not made in a timely manner, the parties' rights under § 157(d) are deemed waived." *In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993). Timeliness is gauged from the moment the moving party was first aware that nonbankruptcy laws must be dealt with in resolving the case. *Id.* "Courts have varied widely in the amount of delay a moving party is permitted between learning of grounds for withdrawal and actually filing a motion to withdraw before the motion is deemed untimely." *Id.*[3] The motion for withdrawal of the reference to the Bankruptcy Court was filed just under one year from when the First Amended Complaint was filed. However, many of the Defendants have yet to file an answer to the First Amended Complaint.

Given the procedural posture of the case, the Court finds that the motion was timely. All newly added Defendants have yet to file their answers or to assert substantive defenses. The Defendants in this case filed motions to dismiss, which have not been ruled upon. The motions

3 Citing *In re Sevko, Inc.*, 143 B.R. 114 (N.D. Ill. 1992) (five months timely given special circumstances); *In re Stavriotis*, 111 B.R. 154 (N.D. Ill. 1990) (five months not timely); *In Matter of Lissner Corp.*, 115 B.R. 604 (N.D. Ill. 1990) (seven weeks timely); *In re IQ Telecommunications, Inc.*, 70 B.R. 742 (N.D. Ill. 1987) (one year not timely); *Laine v. Gross*, 128 B.R. 588 (D. Maine) (six months untimely); *In re Securities Group 1980*, 89 B.R. 192 (M.D. Fla. 1988) (failure to file motion with answer untimely); *Burger King Corp. v. B-K of Kansas, Inc.*, 64 B.R. 738 (D. Kansas 1986) (ten months was timely); *In re Giorgio*, 50 B.R. 327 (D. Rhode Island 1985) (six months not timely).

to dismiss were not argued until February 10, 2021.   A stipulation was entered into between the newly added Defendants and Corotoman, relieving the Defendants from responding to written discovery until the Bankruptcy Court ruled on the motions to dismiss.   Defendants Bailey & Wyant and the Airport Authority are the only two Defendants to have engaged in discovery, apart from attending two depositions.

The Court finds that the matters underlying the current adversarial claims should be classified as non-core.   First, the current claims are not specifically identified as core proceedings under 28 U.S.C. § 157(b)(2), and the claims – all involving West Virginia state law – are capable of resolution without reference to the Bankruptcy Code.   Next, the claims existed prior to the filing of the bankruptcy case.   Lastly, the parties' rights or obligations will not be significantly affected by the outcome of the bankruptcy proceeding.   The adversary proceeding, at most, would result in an augmentation of the bankruptcy estate.

Finding that the instant claims involving West Virginia state law are non-core, the Court will now consider the six factors relevant to withdrawing a reference for cause.   The matter is before the Bankruptcy Court on a reference and will ultimately require submission of proposed findings of fact and conclusions of law by the Bankruptcy Judge since the adversary proceeding involves non-core claims.   Removing the reference now and, thus, facilitating this Court's earlier review, will promote judicial economy and facilitate efficient use of the parties' resources. However, the Plaintiff asserts that the motion for withdrawal was filed untimely, given the length of time for which this matter has been pending.   As outlined above, this matter has been pending before the Bankruptcy Court for approximately two years and has been pending against the moving Defendants for approximately one year.   The Bankruptcy Court has held a hearing regarding the

motions to dismiss and is familiar with the issues and the parties at this stage.   Necessarily, withdrawal of the reference will require review of these same motions by this Court.   Since this Court will ultimately have to review the material to enter a final judgment in the adversary proceeding, this dual review is not necessarily dispositive.   Therefore, the Court finds that the prong related to judicial economy and efficient use of the parties' resources is neutral and does not weigh in favor of or against withdrawal of the reference.

No questions are presented regarding the uniform administration of bankruptcy law and, thus, that factor receives no consideration.   Finally, there are no facts indicating judicial or forum shopping, and while somewhat premature, the Court notes that there is already a pending dispute regarding the parties' consent to a jury trial before the Bankruptcy Court, as well as an issue of whether the Bankruptcy Court has the constitutional authority to finally hear and determine the instant proceeding.

Therefore, considered in the totality, the Court finds that the factors weigh in favor of withdrawing the reference to the Bankruptcy Court.   The adversary proceeding is non-core, withdrawing the reference facilitates preservation of the parties' right to a jury trial, and all other factors are neutral.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Withdraw Reference* (Document 1) be **GRANTED**.   Accordingly, the Court **ORDERS** that all pending motions in this matter be **TERMINATED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    September 24, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA